FILED

01/10/2024

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2023

## STATE OF TENNESSEE v. CHRISTOPHER LARON MATTHEWS

**Appeal from the Circuit Court for Maury County
Nos. 27504, 27505, 27136  Stella L. Hargrove, Judge**

_____

### No. M2022-01170-CCA-R3-CD
_____

Christopher Laron Matthews, Defendant, appeals the trial court's consecutive alignment of twelve-year sentences for sale of methamphetamine in Case No. 27504 and Case No. 27505 for an effective twenty-four-year sentence. The trial court based the consecutive sentencing on its finding that Defendant was an offender whose record of criminal activity was extensive. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

E. Kendall White, IV, Nashville, Tennessee, for the appellant, Christopher Laron Matthews.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Pamela S. Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 4, 2022, Defendant pleaded guilty as a Range II offender to sale of over 0.5 grams of methamphetamine in each of Counts 1 and 2 of Case No. 27504; sale of over 0.5 grams of methamphetamine in Case No. 27505; and violation of the Tennessee Sex Offender Registry Act in Case No. 27136. Pursuant to a plea agreement, the trial court sentenced Defendant to concurrent terms of twelve years in Count 1 and Count 2 of Case No. 27504; a term of twelve years in Case No. 27505; and a term of four years in Case No. 27136. The alignment of the sentences in the three cases would be determined following

a sentencing hearing. As part of the agreement, a charge of perjury in Case No. 27136 and seven drug-related offenses and a traffic violation in Case No. 27217 were dismissed.

The trial court held a sentencing hearing on July 29, 2022. The Presentence Investigation Report prepared by Jacob Silverthorn, a probation and parole manager with the Tennessee Department of Correction, was entered as Exhibit 1, and certified copies of five of Defendant's prior convictions were entered as Exhibit 2. Officer Silverthorn detailed Defendant's criminal record dating back to 1995 as shown in Exhibit 1, which included seven felony convictions: two for the sale of cocaine, one for the sale of marijuana, two for perjury, and one conviction each for violation of the sex offender registry and statutory rape. Defendant's record also included eight misdemeanor convictions: three for possession of drugs, four for driving on a suspended license, and one for speeding. Officer Silverthorn testified that Defendant had five partial and two full probation revocations.

Defendant made an allocution, explaining that he was selling drugs to pay for his addiction and that he "wasn't out here trying to hurt nobody." He claimed he wanted help for his addiction issue but was never offered treatment in spite of conveying his desire for treatment to his probation officer. He said he was a diabetic. He asked the court to align his sentences concurrently and said he was "ready" to serve twelve years.

The trial court considered the principles of sentencing outlined in Tennessee Code Annotated section 40-35-103 and the purposes of sentencing outlined in Tennessee Code Annotated section 40-35-102. The court acknowledged that it had considered the nature and characteristics of Defendant's criminal conduct, the statistical information provided by the Administrative Office of the Courts, Defendant's potential for rehabilitation or treatment, Defendant's allocution, the testimony at the sentencing hearing, the presentence report, and the Strong R Assessment.

Based on Officer Silverthorn's testimony and the presentence report, the trial court found that Defendant had fifteen prior convictions, including seven felonies and eight misdemeanors. The court noted that Defendant's criminal history was "disturbing" and that Defendant, who was forty-eight years old, had been in the criminal justice system since age twenty-one. The court noted that Defendant had "been afforded the privilege of probation no less than nine times" and had five partial revocations and two full revocations. The court found that Defendant's assertion that his probation officer did nothing in response to Defendant's request for help with his addiction was not credible. The court also noted its skepticism that Defendant truly wanted help for his addiction when he was still using methamphetamine while having "serious medical conditions." The court found that Defendant was "an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2). The court aligned the effective twelve-year sentence in Case No. 27504 consecutively to the twelve-year sentence in Case No. 27505 and aligned the

four-year sentence in Case No. 27136 concurrently, for a total effective sentence of twenty-four years' incarceration.

Defendant appeals.

## *Analysis*

On appeal, Defendant claims that the trial court erred in denying fully concurrent sentencing. Defendant does not appear to contest the trial court's finding that his criminal record is extensive and acknowledges that "he has a lengthy history of drug offenses and at least one sex crime . . . as well as violations of the sex offender registry." However, he contends that the trial court did not adequately consider that his last probation revocation occurred in 2010 or the presentence report officer's statement that Defendant needed help for mental health and substance abuse issues.[1] He also argues that the trial court did not weigh its finding that Defendant's criminal record was extensive against the statutory mitigating factors in Tennessee Code Annotated section 40-35-113(1) and (3). The State argues that the trial court acted within its discretion in aligning the sentences consecutively. We agree with the State.

To facilitate meaningful appellate review of sentencing, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2020); *State v. Bise*, 380 S.W.3d at 682, 706 (Tenn. 2012). When the record clearly establishes that the trial court imposed a sentence within the appropriate range after a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *Bise*, 380 S.W.3d at 707. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401 (2020), Sentencing Comm'n Cmts.

In *State v. Pollard*, the Tennessee Supreme Court expanded its holding in *Bise* to trial courts' decisions regarding consecutive sentencing. 432 S.W.3d 851, 859 (Tenn. 2013). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.* (citing Tenn. R. Crim. P. 32(c)(1)).

---

[1] We note that Defendant also cites and discusses caselaw relevant to Tennessee Rule of Criminal Procedure 8 governing joinder and severance of offenses, in which he argues that the close proximity in time of the offenses in Case Nos. 27504 and 27505 "make it persuasive for the court to run the matters concurrent." Similarly, he argues that concurrent sentencing is warranted because the offenses were part of a common scheme or plan. Defendant offers no authority in support of the proposition that joinder/severance jurisprudence applies in any way to sentencing issues.

When a defendant is convicted of more than one criminal offense, the trial court must determine if sentences will run consecutively or concurrently based on the criteria in Tennessee Code Annotated Section 40-35-115(b). Tenn. Code Ann. § 40-35-115(a). The court has the discretion to order sentences to run consecutively if the court finds by a preponderance of the evidence *any one* of the ten listed grounds in Tennessee Code Annotated Section 40-35-115(b), including when "the court finds by a preponderance of the evidence that[] . . . [t]he defendant is an offender whose record of criminal activity is extensive[.]" Tenn. Code Ann. § 40-35-115(b)(2) (2022); *see Pollard*, 432 S.W.3d at 862.

As a preliminary matter, Defendant's complaint about the trial court's not considering two statutory mitigating factors when ordering consecutive service of his sentences is wholly without merit. The Sentencing Commission Comments to Code section 40-35-113 specifically state that, "[u]nder § 40-35-210(b)(5), the trial judge is required to consider mitigating factors in determining *the specific sentence length and the appropriate combination of sentencing alternatives* that should be imposed." (emphasis added). Mitigating factors are not relevant to consecutive sentencing determinations. *See, e.g.*, *Norris v. State*, No. M2017-01006-CCA-R3-PC, 2018 WL 3058363, at *4 (Tenn. Crim. App. June 20, 2018) (noting that consideration of a mitigating factor would not have changed the consecutive nature of the petitioner's sentence because mitigating factors are "involved in the range and duration of a specific sentence for an offense and not with the determination of whether they shall be served consecutively or concurrently") (quoting *State v. Baker*, 751 S.W.2d 154, 166-67 (Tenn. Crim. App. 1987)).

On December 9, 2022, approximately four months after the date Defendant was sentenced, our supreme court held that a trial court should consider the following non-exclusive factors when finding that a defendant has an extensive record of criminal activity:

(1) The amount of criminal activity, often the number of convictions, both currently before the trial court for sentencing and prior convictions or activity;

(2) The time span over which the criminal activity occurred;

(3) The frequency of criminal activity within that time span;

(4) The geographic span over which the criminal activity occurred;

(5) Multiplicity of victims of the criminal activity; and

(6) Any other fact about the defendant or circumstance surrounding the criminal activity or convictions, present or prior, that informs the determination of whether an offender's record of criminal activity was considerable or large in amount, time, space, or scope.

4

*State v. Perry*, 656 S.W.3d 116, 129 (Tenn. 2022) (footnotes omitted).

Even without the guidance of *Perry*, the trial court properly articulated its reasoning for aligning the sentence in Case No. 27505 and the sentence in Case No. 27504 consecutively. The trial court found Defendant's criminal history "disturbing," noting that at the time of sentencing Defendant had a twenty-seven-year criminal record, which included convictions for seven felonies and eight misdemeanors. Additionally, Defendant was before the trial court for sentencing on four other felonies. We note that many of Defendant's convictions were drug-related or involved violating the sex offender registry and were similar to the convictions in this case. The trial court's sentencing decision is therefore afforded a presumption of reasonableness. The trial court did not abuse its discretion in imposing partial consecutive sentences, and Defendant is not entitled to relief on this basis.

## *Conclusion*

The judgments of the trial court are affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE